IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL D. WALSH           :
                           :
           Plaintiff       :
                           : No. 05-CV-3035
    vs.                    :
                           :
                           :
CONAGRA FOODS              :
                           :
           Defendant       :

## ANSWER

For its Answer to the Complaint, Defendant states as follows:

1. Denies, for lack of sufficient information on which to form a response, the allegations of Paragraph 1.

2. Admits the address of Defendant's facility, but denies the remaining allegations of Paragraph 2; by further pleading, Defendant avers that its full name is ConAgra Foods, Inc.

3. Admits the allegations of Paragraph 3.

4. Denies the allegations of Paragraph 4.

5. Denies the allegations of Paragraph 5.

6. Admits the allegations of Paragraph 6.

7. Admits that Plaintiff has worked in several plant locations and began his employment as an hourly worker, but denies the remaining allegations of Paragraph 7.

8. Denies the allegations of Paragraph 8.

9. Admits the Plaintiff last worked for Defendant at its Martins Creek, Pennsylvania facility and that Mr. Mason was also employed at this facility, but denies the remaining allegations of Paragraph 9.

10. Denies the allegations of Paragraph 10.

11. Denies the allegations of Paragraph 11.

12. Denies the allegations of Paragraph 12.

13. Admits that Plaintiff was moved to a new department and that the change had the potential of improving Plaintiff's experience level, but denies the remaining allegations of Paragraph 13.

14. Denies the allegations of Paragraph 14.

15. Denies the allegations of Paragraph 15 as stated. By further answer, Defendant avers that Plaintiff voluntarily accepted a transfer to Defendant's elevator and blend department.

16. Admits that the worker who moved into the job Plaintiff held before his transfer was successful in that job but denies the remaining allegations of Paragraph 16.

17. Denies the allegations of Paragraph 17.

18. Denies the allegations of Paragraph 18.

19. Denies the allegations of Paragraph 19 as stated. By further answer, Defendant avers that Plaintiff was one of several supervisory employees who were called to the stage.

20. Admits the allegations of Paragraph 20.

21. Admits that the comedian put a prop on Plaintiff's head, but denies the remaining allegations of Paragraph 21.

22. Admits that there was laughter during the presentation, but denies the remaining allegations of Paragraph 22.

23. Denies the allegations of Paragraph 23 as stated. By further answer, Defendants avers that the comedian used sexual props as part of her act, and that all of the individuals on stage were subject to teasing by the comedian.

24. Denies the allegations of Paragraph 24.

25.	Denies the allegations of Paragraph 25 as stated. By further answer, Defendant avers that all individuals who were on stage were teased by the comedian.

26.	Denies the allegations of Paragraph 26.

27.	Admits that the presentation was intended to be "fun" and "funny" but denies the remaining allegations of Paragraph 27.

28.	Denies the allegations of Paragraph 28.

29.	Denies the allegations of Paragraph 29.

30.	Denies the allegations of Paragraph 30.

31.	Denies the allegations of Paragraph 31.

32.	Denies the allegations of Paragraph 32.

33.	Admits the allegations of Paragraph 33.

34.	Denies the allegations of Paragraph 34.

35.	Admits that no one was punished for the incident, but denies the remaining allegations of Paragraph 35.

36.	Denies the allegations of Paragraph 36.

37.	Denies the allegations of Paragraph 37.

38.	Denies the allegations of Paragraph 38.

39.	Denies the allegations of Paragraph 39.

40.	Denies the allegations of Paragraph 40.

41.	Denies the allegations of Paragraph 41.

42.	Admits the allegations of Paragraph 42.

43.	Denies the allegations of Paragraph 43.

44.	Admits the allegations of paragraph 44, insofar as it alleges that Plaintiff began an FMLA leave on or about March 6, 2003, but denies the remaining allegations of Paragraph 44.

45. Denies the allegations of Paragraph 45.

46. Admits that Plaintiff was on an FMLA leave of absence beginning on or about March 6, 2003, but denies the remaining allegations of Paragraph 46.

47. Denies the allegations of Paragraph 47.

48. Denies the allegations of Paragraph 48.

49. Denies the allegations of Paragraph 49.

50. Admits the allegations of Paragraph 50.

51. Admits the allegations of Paragraph 51.

52. Admits that Plaintiff's Charge of Discrimination was executed on September 4, 2003, but denies, for lack of sufficient information upon which to form a response, the remaining allegations of Paragraph 52.

53. Admits the allegations of Paragraph 53.

54. Admits the allegations of Paragraph 54.

55. Admits the allegations of Paragraph 55.

56. For its answer to Paragraph 56, Defendant incorporates by reference its answers to Paragraphs 1 through 55 as if the same were fully set forth herein.

57. Admits the allegations of Paragraph 57.

58. Denies the allegations of Paragraph 58.

59. Denies the allegations of Paragraph 59.

60. Denies the allegations of Paragraph 60.

61. Insofar as they could be taken to refer to the job from which Plaintiff was transferred when he took his new position at the Martins Creek facility, Defendant admits the allegations of Paragraph 61; to the extent that it could be taken to refer to his final employment at Martins Creek, Defendant denies the allegations of Paragraph 61.

62. Denies the allegations of Paragraph 62.

63. Denies the allegations of Paragraph 63 and denies that Plaintiff is entitled to any relief on his First Count.

64. For its answer to Paragraph 64, Defendant incorporates by reference its answers to Paragraphs 1 through 63 as if the same were fully set forth herein.

65. Denies the allegations of Paragraph 65.

66. Denies the allegations of Paragraph 66.

67. Denies the allegations of Paragraph 67.

68. Denies the allegations of Paragraph 68.

69. Denies the allegations of Paragraph 69 and denies that Plaintiff is entitled to any relief on his Second Count.

70. For its answer to Paragraph 70, Defendant incorporates by reference its answers to Paragraphs 1 through 69 as if the same were set forth herein.

71. Denies the allegations of Paragraph 71.

72. Denies the allegations of Paragraph 72 and denies that Plaintiff is entitled to any relief on his Third Count.

## AFFIRMATIVE DEFENSES

1. Defendant alleges that Plaintiff has failed to state a cause upon which relief may be granted.

2. Defendant alleges that Plaintiff has failed to mitigate his damages.

3. Defendant alleges that Plaintiff's claims are barred in whole or in part by applicable statutes of limitations.

4. Defendant alleges that Plaintiff has failed to exhaust his administrative remedies.

WHEREFORE, and upon the foregoing, Defendant prays that Plaintiff's Complaint be dismissed in its entirety, with cost and fees awarded to Defendant.

Respectfully submitted,

*/s/ John L. Senft*

John L. Senft, Esquire
Court I.D. No. 64486
Senft Law Firm LLC
105 Leader Heights Road, Suite 2
York, PA 17403-5137

Attorneys for Defendant
ConAgra Foods

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 29 day of June, 2005, I served the Defendant's Answer to Complaint upon counsel for Plaintiff by electronic mail and U.S Mail, postage prepaid as follows:

Donald P. Russo, Esq.
117 East Broad Street
P. O. Box 1890
Bethlehem, PA 18016-1890
russolaw@verizon.net

_____
John L. Senft